**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   MEGAN OTEY, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | CIV-16-1236-F |
| | ) | |
| 1.   JIL PRODUCTS, INC., d/b/a | ) | |
|       STATE BEAUTY SUPPLY, and | ) | |
| 2.   SHELLY TUBBS, an individual, | ) | |
| | ) | **ATTORNEY LIEN CLAIMED** |
|        Defendants. | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**COMES NOW** the Plaintiff, Megan Otey, and for her Complaint in the above-entitled action, alleges and states as follows:

**PARTIES**

1. Plaintiff, Megan Otey, is an adult female who resides in Oklahoma County, Oklahoma.

2. Defendants are:

    a. JIL Products, Inc. d/b/a State Beauty Supply ("State Beauty Supply"), an entity doing business in and around Oklahoma County, Oklahoma; and

    b. Shelley Tubbs, an individual, who at all relevant times hereto owned and/or was employed by State Beauty Supply in Oklahoma County, Oklahoma.

**JURISDICTION AND VENUE**

3. This is a cause of action arising out of Plaintiff's former employment with

1

Defendant State Beauty Supply. Plaintiff's claims are based on (a) failure to pay wages in violation of the Fair Labor Standards Act ("FLSA"), (b) failure to pay wages in violation of Oklahoma state law, and (c) failure to pay equal wages in violation of the Equal Pay Act.[1]

4. Jurisdiction over the federal claims is conferred pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claims and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

5. All of the actions complained of herein occurred in Oklahoma County, Oklahoma. Defendant State Beauty Supply is doing business in said county and both Defendants may be served in said county. Oklahoma County is located in the Western District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

6. Plaintiff was employed with Defendant State Beauty Supply during two different periods: first, from in or around Summer 2014 through in or around Summer 2015; and second, from in or around October 2015 through on or about June 6, 2016.

7. At all relevant times, Plaintiff was an hourly, non-exempt employee.

8. She worked as a Driver and on the Sales Floor during the first period of her employment. During the second period, she performed the duties of Warehouse Manager.

---

[1] Plaintiff is also filing a Charge of Discrimination with the EEOC based on Defendant State Beauty Supply's violations of Title VII. Plaintiff plans to file an Amended Complaint adding said claim once it has been fully exhausted.

9. In or around October 2015, then-Warehouse Manager Bryan Sparkman contacted Plaintiff, advised that he was leaving his employment with Defendant State Beauty Supply, and asked Plaintiff whether she would be interested in his position. Plaintiff responded affirmatively.

10. When Plaintiff returned to work with Defendant State Beauty Supply in or around October 2015, Plaintiff performed the same duties as those Sparkman had performed as the Warehouse Manager. Such duties included, but were not limited to, delivering freight, filling and invoicing customer orders, and supervising and training drivers.

11. Despite performing the same duties as Sparkman, Plaintiff was not paid a comparable rate as Sparkman. Rather, Plaintiff was paid $10.00 per hour. Yet, it was Plaintiff's understanding that Sparkman was paid as a salaried employee and received more than $10.00 per hour.

12. Moreover, many of the male drivers, in lower level positions than Plaintiff, were also paid more than $10.00 per hour.

13. In or around late-May 2016, Plaintiff complained to Tubbs that she (Plaintiff) was being paid less than her male peers. Tubbs laughed at Plaintiff and refused to increase her pay. Consequently, Plaintiff's working conditions were deliberately made so intolerable that Plaintiff was forced to resign, effective on or about June 6, 2016.

14. Further, during Plaintiff's first period of employment (i.e., from in or around Summer 2014 through Summer 2015), Defendants failed to pay Plaintiff for regular and

overtime hours Plaintiff worked.

15. More particularly, throughout this period, Plaintiff and other employees were required to attend meetings once per month. Despite the meetings being mandatory work-related meetings, lasting approximately two and one-half to three hours, Plaintiff and other employees were required to clock out and were not paid for the time spent during such work meetings.

16. Upon information and belief, the United States Department of Labor ("USDOL") conducted an investigation in or around 2015, based on a complaint lodged by another employee about Defendants failure to pay wages.

17. Upon further information and belief, Tubbs admitted in the course of the USDOL investigation that she had not paid employees for hours worked. And, the USDOL determined a violation occurred.

18. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I: FLSA FAILURE TO PAY WAGES

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

19. This count is brought against Defendants State Beauty Supply and Tubbs.

20. Defendants failed to compensate Plaintiff for all hours worked, in that, Defendants failed to pay Plaintiff for work meetings Plaintiff was required to attend once per

month.

21. At all relevant times, Defendant Tubbs was acting directly or indirectly in the interest of Defendant State Beauty Supply with regard to wages due to Plaintiff.

22. The failure to pay Plaintiff monies earned (as described herein) is a violation of the Fair Labor Standards Act.

23. As such, Plaintiff is entitled to all damages provided for by law, including attorneys' fees and costs. And, based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

## COUNT II: 40 O.S. § 165.3 FAILURE TO PAY WAGES

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

24. This count is brought against Defendant State Beauty Supply.

25. Defendant State Beauty Supply failed to compensate Plaintiff for all hours worked, in that, State Beauty Supply failed to pay Plaintiff for work meetings it required Plaintiff to attend once per month.

26. The failure to pay Plaintiff monies earned (as described herein) is a violation of Oklahoma state law, Okla. Stat. tit. 40 § 165.3.

27. As such, Plaintiff is entitled to all damages provided for by law, including attorneys' fees and costs. And, based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

## COUNT III: EQUAL PAY ACT- UNEQUAL PAY

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

28. This Count goes against Defendants State Beauty Supply and Tubbs

29. The acts above-described constitute violations of the Equal Pay Act.

30. Defendants paid different wages to employees of the opposite sex, i.e., Plaintiff, a female, in comparison with her male co-workers.

31. Plaintiff performed equal work on jobs requiring equal skill, effort and responsibility as her male counterparts.

32. Plaintiff's job and those of her similarly-situated male counterparts were performed under similar working conditions.

33. As the direct and proximate result of Defendants' actions, Plaintiff has suffered lost wages and is entitled to her lost income, past and future, and such remedies as the law may allow. Based on the willful violation of the law, Plaintiff is entitled to liquidated damages.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess actual, compensatory, and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 26th DAY OF OCTOBER, 2016.**

<u>s/Jana B. Leonard</u>
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA #18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800      (telephone)
(405) 239-3801      (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED